# ATTACHMENT A

## DESCRIPTION OF LOCATIONS TO BE SEARCHED

i) 70/72 Osborn Street, Apartment 1, Providence RI, 02908, which is a white-colored multi-family type structure with a brown-colored roof. There are two entry doors at the front of the residence - the left side front door accesses the first-floor apartment. The number "70" appears to the right of the left-side door. (SUBJECT PREMISES)

ii) 70/72 Osborn Street, Apartment 3, Providence RI, 02908, which is a white-colored multi-family type structure with a brown colored roof. There are two entry doors at the front of the residence - right-side front floor accesses the third-floor apartment, including any space, rooms, or attics that Apartment 3 has direct access too. The number "72" appears to the right of the right-side door. (SUBJECT PREMISES)

iii) 25 Chatham Street, Apartment 2, Providence RI, 02904, which is an off-white multi-family home with a brown roof a front door that is red in color and accesses the apartment, including any space, rooms, or attics to which Apartment 2 has direct and exclusive access. (SUBJECT PREMISES)

iv) A 2009 black Honda CRV bearing RI registration UA217 (VIN # JHLRE48749C004651). (SUBJECT VEHICLE)

v) The person of Rafael SORIANO (YOB: 1978)

vi) The cellular telephone assigned call number (401) 952-9884, which is believed to be Rafael SORIANO's cellular telephone. (SUBJECT PHONE)

vii) A 2015 Acura TLX bearing RI registration "PM149" (VIN # 19UUB1F33FA005619) (SUBJECT VEHICLE)

viii) The person of Lucas SORIANO (YOB: 1981)

ix) The cellular telephone assigned call number (401) 744-9705, which is believed to be Lucas SORIANO's cellular telephone. (SUBJECT PHONE)

## ATTACHMENT B

## ITEMS TO BE SEIZED

I. All records, in whatever form, and tangible objects that constitutes evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g)(1), including:

   a. Evidence concerning occupancy or ownership of the SUBEJCT PREMISES or SUBJECT VEHICLES including, without limitation, utility and telephone bills and receipts, mail envelopes, addressed correspondence, personal identification documents, rental agreements, photographs, property acquisition records;

   b. Ammunition, firearms, PMF's, 80 Percent Frames or Lower Receivers, slides, slide parts, firearm magazines, optical sights, barrels, threaded barrels, triggers, lower parts kits, upper parts kits, tools, Dremel tools, drilling equipment, templates, jigs, molds, instruction guides, silencers, Glock switches, firearm and ammunition cases, holsters, containers or packaging materials, and other evidence of unlawful possession of firearms and ammunition because as set forth in this affidavit there is probable cause to believe that Lucas SORIANO and Rafael SORIANO are currently in possession of firearms, ammunition, and firearm parts/accessories stored at SUBJECT PREMISES, in SUBJECT VEHICLES, or on their person. Based upon training and experience and through conversations with senior agents, individuals in possession of firearms and ammunition commonly carry them on their person or keep or store them in vehicle or their place of residence;

   c. Records or documents in any form pertaining to United States postal and private package delivery services, receipts, containers, and packages indicating the purchase of firearm build kits, ammunition, and firearm parts/accessories because as set forth in this affidavit there is probable cause Lucas SORIANO and Rafael SORIANO are in possession of these records or documents, as all items identified including firearm build

kits/firearm parts and ammunition were shipped across state lines into the state of Rhode Island to 70/72 Osborn Street, Apartment 1, Providence, RI, using the United States Mail system. Based upon training and experience individuals will often maintain these records and documents from such purchases in their residences and/or on their cellular phones. Additionally, firearm build kits/firearm parts and accessories and ammunition are often shipped in packages via private package delivery services such as Federal Express or the United Parcel Service.

d. Financial records and methods of purchase including credit card statements, receipts, account statements, credit cards and debit cards;

e. Contact lists of suspected purchasers of firearms, ledgers or notes tracking description firearms and ammunition sold, amount sold, and evidence of where the transaction may have occurred in addition to evidence, whether physical or electronic, of proceeds derived from the illicit manufacturing and sale of PMF's.

f. Cellular or computer devices including the SUBEJCT PHONES, because such devices are commonly kept by users in their residence. The SUBEJCT PHONES were used as a means of contact on all the purchases of firearm build kits/firearm parts and accessories and ammunition noted in this affidavit. Additionally based upon training and experience, I know that individuals engaged in the unlawful manufacturing, possession, and trafficking of firearms and ammunition often use their computers or cellular telephones to order firearm parts, build kits, accessories, and ammunition, photograph the firearms and ammunition in their possession, and contact prospective purchasers of their firearms and ammunition to further illicit firearms trade. Also based upon training and experience, I know that individuals who engage in unlawful firearms trafficking frequently communicate with prospective sellers or buyers via cellular telephones either by text messages or telephone calls, and cellular devices retain evidence of such communications

40

      long after conversation or communication has occurred.

   g. For any computer hardware, computer software, cellular phones, or storage media called for by this warrant or that might contain things otherwise called for by this warrant ("the computer equipment"):

      i. evidence of who used, owned, or controlled the computer equipment;
      ii. evidence of the presence or absence of malicious software that would allow others to control the items, and evidence of the presence or absence of security software designed to detect malicious software;
      iii. evidence of the attachment of other computer hardware or storage media;
      iv. evidence of counter-forensic programs and associated data that are designed to eliminate data;
      v. evidence of when the computer equipment was used;
      vi. passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;
      vii. records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage; and
      viii. records evidencing the use of the Internet Protocol addresses to communicate over the Internet.

II.     all computer hardware, computer software, and storage media, including cell phones or other devices that are or were previously assigned call number (401) 952-9884 or (401) 744-9705. Off-site searching of these items shall be limited to searching for the items described in paragraph I.

## BIOMETRIC ACCESS TO DEVICES

During the execution of the search of the locations described in Attachment A, law enforcement personnel are also specifically authorized to compel Lucas SORIANO and Rafael SORIANO to provide biometric features, including pressing fingers (including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:

i. the SUBJECT PHONES or any electronic devices found at 70/72 Osborn Street Apartment 3 Providence RI, 02908 or 25 Chatham Street, Apartment 2 Providence RI, 02904, or in the SUBJECT VEHICLES, or on the person of Lucas or Rafael SORIANO;

ii. where the SUBJECT PHONES or any electronic devices are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments, for the purpose of attempting to unlock the devices' security features in order to search the contents as authorized by this warrant.

This warrant does not authorize law enforcement personnel to compel any other individuals found at 70/72 Osborn Street Apartment 1 or Apartment 3, Providence RI, 02908, and 25 Chatham Street, Apartment 2, Providence RI, 02904 to provide biometric features, as described in the preceding paragraph, to access or otherwise unlock any device. Further, this warrant does not authorize law enforcement personnel to request that either Lucas or Rafael SORIANO state or otherwise provide the password or any other means that may be used to unlock or access the SUBEJCT PHONES or any electronic device, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access said devices.

**DEFINITIONS**

For the purpose of this warrant:

1. "Computer equipment" means any computer hardware, computer software, mobile phone, storage media, and data.
2. "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).
3. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a username; or a password), whether stored deliberately, inadvertently, or automatically.
4. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).
5. "Data" means all information stored on storage media of any form in any storage format and for any purpose.
6. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols, and shall include any form of computer or electronic storage (such as flash memory or other media that can store data and any photographic form). including email, text messaging, instant messaging, or other communications, and including any content that may be synchronized to or on the device from any service or application utilized by the subject all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.

**RETURN OF SEIZED COMPUTER EQUIPMENT**

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below.

If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copies authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.